IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MESSAOUD KARIM,<br> Petitioner, | § § § | |
| v. | § | No. 3:21-cv-00439-K (BT) |
| WARDEN JIMMY JOHNSON,<br> Respondent. | § § § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Messaoud Karim, a detainee at the Prairieland Detention Center, filed a *pro se* habeas petition under 28 U.S.C. § 2241. For the following reasons, the Court should dismiss the petition for want of prosecution under Fed. R. Civ. P. 41(b).

I.

Karim did not pay the filing fee or file a motion to proceed *in forma pauperis*. He also did not file his petition on the proper habeas form, and his petition failed to comply with Federal Rule of Civil Procedure 8(a). On March 2, 2021, the Court sent Karim a notice of deficiency, which informed him that he had until April 1, 2021 to pay the filing fee or file a motion to proceed *in forma pauperis*, submit his claims on the court-approved habeas form, and file his petition in compliance with Rule 8(a). The Court warned Karim that failure to cure these deficiencies by April 1, 2021 could result in a recommendation that his

1

petition be dismissed under Federal Rule of Civil Procedure 41(b). Karim has failed to respond to the Court's order.

## II.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)). Here, Karim has failed to either pay the filing fee or file a motion to proceed *in forma pauperis*. He has also failed to file his petition on the proper habeas form in a manner consistent with Rule 8(a). This litigation cannot proceed until he cures these deficiencies. Accordingly, the petition should be dismissed for want of prosecution.

## III.

The Court should dismiss the petition without prejudice for want of prosecution under Fed. R. Civ. P. 41(b).

Signed April 6, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).